**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Anthony Davis GARNER, Defendant—**
**Appellant.**

**No. 05–7661.**

United States Court of Appeals,
Fourth Circuit.

Submitted March 30, 2006.

Decided April 7, 2006.

Anthony Davis Garner, Appellant Pro Se. Laura Marie Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Anthony Davis Garner seeks to appeal a district court order denying as a second or successive 28 U.S.C. § 2255 (2000) motion his motion filed under Fed.R.Civ.P. 60(b).[1] An appeal may not be taken from the final

---

1. Although Garner filed his motion under Fed.R.Civ.P. 59(e), the motion was filed fourteen days after the district court's order dismissing his § 2255 motion. Thus, the motion was properly construed as a motion for relief from judgment under Fed.R.Civ.P. 60(b).

order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee,* 252 F.3d 676, 683 (4th Cir.2001). We have independently reviewed the record and conclude Garner has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.[2]

*DISMISSED.*

---

**2.** To the extent that Garner may be seeking authorization under 28 U.S.C. § 2244 (2000) to file a second and successive 28 U.S.C. § 2255 (2000) motion based upon *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); and *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we deny authorization.